FILED
United States Court of Appeals
Tenth Circuit

August 20, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK DOUGLAS WILSON,

Defendant-Appellant.

No. 09-6040

Western District of Oklahoma

(D.C. No. 5:08-CR-00123-L-1)

---

ORDER AND JUDGMENT*

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Appellant Fredrick[1] Douglas Wilson appeals his conviction for being a

felon in possession of a firearm. He argues that the district court erred in denying

his motion to suppress evidence and statements allegedly taken in violation of the

Fourth Amendment. Mr. Wilson maintains on appeal, as he did at trial, that the

affidavit Special Agent Thomas Gibson provided in order to secure a search

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]In his brief, Mr. Wilson has informed us that the proper spelling of his first name is Fredrick, not Frederick, as the docket states.

warrant for Mr. Wilson's house was insufficient to support a warrant and included deliberate or reckless misstatements that caused a warrant to issue. We review the denial of a motion to suppress de novo, but all factual inferences are drawn in favor of the prevailing party, and we leave all credibility and weight of the evidence determinations to the district court. *United States v. Rodriguez-Rodriguez*, 550 F.3d 1223, 1226 (10th Cir. 2008). Upon examination of the record, the district court's opinion, and the arguments on appeal, we affirm the judgment below.

This case involves a search, pursuant to warrant, of a residence at 4605 Mackenzie Drive in Moore, Oklahoma. It took place on April 21, 2008. The magistrate issued the warrant based on an affidavit filed by Special Agent Gibson. That affidavit recounted the circumstances of two marijuana buys that were connected to this address, one on November 14, 2007, and one on April 9, 2008. The search turned up, among other things, a Sig Sauer handgun and one magazine, a Dan Wesson Arms revolver, a Glock handgun, and ammunition, all belonging to defendant Fredrick Wilson.

Mr. Wilson contends, as he did in district court, that Officer Gibson's affidavit contained numerous misstatements of fact. Under *United States v. Leon*, 468 U.S. 897, 923 (1984), evidence must be suppressed "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless

disregard of the truth." Mr. Wilson contends that the misstatements in Officer Gibson's affidavit were so egregious that suppression is required under *Leon*.

The trouble with Mr. Wilson's argument is that the differences between his account of the facts and that of the officer's affidavit are inconsequential. He states, for example, that the affidavit failed to point out that he had provided the police with an explanation for the events surrounding the November event, that he was not in the car when a duffel bag containing marijuana was placed in it, and that he was co-owner of the residence in question even though the affidavit says that it was owned by his wife. Even if we were to accept all of Mr. Wilson's factual assertions as true, it is hard to see why they have any bearing on whether there was probable cause to search the residence. We agree with the district court that the facts contained in the affidavit and not disputed by Mr. Wilson are sufficient to support probable cause. Accordingly, there is no reason to conclude that the warrant rested on deliberate or reckless misstatements.

Mr. Wilson also argues that the November events are too stale to support a warrant. We have noted in the past that where there is reason to believe criminal activity is ongoing, the passage of time is not critically important. *United States v. Jardine*, 364 F.3d 1200, 1205 (10th Cir. 2004), *vacated on other grounds*, 543 U.S. 1102 (2005). Police were conducting an ongoing investigation of a criminal organization. The car used in one drug deal was registered at and left at the Mackinzie Drive home. Mr. Wilson, a resident of that same address, matched the

description of a drug courier provided to a confidential informant. There was ample reason to think that the Mackinzie Drive home and its occupants were involved in criminal activity in November that continued through April. It follows, then, that the November events are relevant to the issue at hand.

## Conclusion

The judgment of the United States District Court for the Western District of Oklahoma is therefore **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge